UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  Case No. 21-cr-712 (RDM) |
| | : |
| MELVIN McLEAN | : |
| Defendant. | : |

### STATEMENT OF OFENSE IN SUPPORT OF GUILTY PLEA

**I.   Summary of the Plea Agreement**

The defendant Melvin McLean agrees to admit guilt and enter a plea of guilty to a one-count information charging him with conspiracy to distribute and possess with intent to distribute a mixture or substance containing detectable amount of heroin, in violation of 21 U.S.C. Sections 841 (a)(1), 841 (b)(1)(C), and 846.

**II.   Elements of the Offense**

The essential elements of the offense of conspiracy to distribute and possess with intent to distribute a mixture or substance containing detectable amount of heroin, in violation of 21 U.S.C. Sections 841 (a)(1), 841 (b)(1)(C), and 846, each of which the government must prove beyond a reasonable doubt, are:

(1) that an agreement existed between two or more persons to commit the crimes of distribution and possession with intent to distribute a controlled substance, that is, heroin;

(2) that the defendant intentionally joined in that illegal agreement [1]

---

[1] The offense of violating 21 U.S.C. § 846, by conspiring to violate federal narcotics laws, does not include as an element, the commission of an overt act in furtherance of the conspiracy. *United States v. Pumphrey*, 831 F.2d 307, 308-309 (D.C. Cir. 1987).

Count One of the Information charges that the defendant conspired to distribute and possess with intent to distribute heroin. The essential elements of the offense of distribution of a controlled substance are:

(1) That the defendant distributed heroin, a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

(2) That the defendant distributed the controlled substance, that is, heroin, knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The essential elements of the offense of possession with intent to distribute heroin are:

(1) That the defendant possessed a detectable amount of controlled substance, that is, heroin.

(2) That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

(3) That when the defendant possessed the controlled substance, that is heroin, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

### III. Brief Statement of the Facts

On November 14, 2019, the defendant was indicted by a federal grand jury in a six-count indictment with: with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) (Count One); Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); Unlawful Possession with Intent to

Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three); Unlawful Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Four); Unlawful Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count Five); and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1) (Count Six), *see* Case No. 19-cr-380-(RDM).   The defendant was initially held without bond.

On March 28, 2020, after the defendant filed a motion seeking release because of COVID-19 concerns, the Court granted the defendant's motion and he was released him into the High Intensity Supervision Program (HISP).  On June 23, 2021, the defendant pled guilty to Counts One and Two of the six-count Indictment, and remained on HISP.

Between July of 2021, and September 1, 2021, the defendant, who was assisted by another individual, possessed with intent to distribute a detectable amount of heroin.  Additionally, on August 21, 2021, while on HISP, the defendant sold a quantity of heroin to a drug customer.  Specifically, the drug customer contacted the defendant and ordered a quantity of heroin.  The defendant packaged a quantity of heroin for the drug user inside his apartment at 3003 Van Ness Street, NW, Apartment W-709, Washington, D.C.   Thereafter, the defendant exited the apartment and sold a quantity of heroin for an amount of U.S. currency.

Thereafter, on Wednesday, September 1, 2021 at approximately 6:00 a.m., agents with the Federal Bureau of Investigation (FBI) executed a court-approved search warrant at the residence of the defendant, at 3003 Van Ness Street, NW, Apartment W-709.  The basis of the search warrant was reporting from two informants that the defendant was selling narcotics from his residence, including the August 21, 2021 transaction.   The informants also reported that the defendant kept narcotics in a locked closet in his bedroom and also in a safe.

As FBI agents entered the residence, after knocking and announcing their presence, they

discovered the defendant in the bathroom. Next to him was a plate containing approximately a gram of a powdery substance that subsequently field-tested positive for heroin. During a search of the residence, including the locked bedroom closet, agents located a safe containing multiple electronic scales, packaging materials, a money counter, razor blades, and cutting agents, which are all indicia of drug distribution. FBI agents also seized $1,000 in cash from a box in the closet.

The defendant told the FBI agents that he was a drug user and that he obtained heroin for his own use, but that he re-sold smaller amounts of heroin to finance his habit. The defendant is currently on supervised release in United States District Court case 10-cr-50, following a conviction for Distribution of Cocaine 50 Grams or More. The defendant is also currently on pretrial release and pending sentencing in United States District Court case 19-cr-380, following a plea to Felon in Possession of a Firearm and Possession with Intent to Distribute Cocaine.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government, but rather is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate

that there exists a sufficient legal basis for defendant's plea of guilty to the charged offenses.

                                                    Respectfully Submitted,

                                                    Matthew M. Graves
                                                    United States Attorney
                                                    D.C. Bar No. 481052

BY:                      /s/
                                                  Dineen A. Baker
                                                    Anthony Scarpelli
                                                    Assistant United States Attorneys

## Defendant's Acceptance

I have read each of the pages that constitute the government's proffer of evidence and have discussed it with my attorney, Jose German, Esquire. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 2-14-22

Melvin McLean
Defendant

## Attorney's Acknowledgment

I have read each of the pages that constitute the government's Proffer of Evidence, reviewed them with my client, Melvin McLean, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the government's proof, as I understand it.

Date: 2/14/2022

Jose A. German
Jose German, Esquire
Attorney for the Defendant