IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| v. | : | Case Nos. | 19-cr-380 (RDM) |
| | : | | 21-cr-712 (RDM) |
| MELVIN MCLEAN, | : | | |
| | : | | |
| Defendant. | : | | |

**GOVERNMENT'S RESPONSE TO THE COURT'S JUNE 17, 2022 MINUTE ORDER**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this response to the Court's June 17, 2022 Minute Order, ordering the parties to address: (1) their positions with respect to Defendant's eligibility for reductions for either acceptance of responsibility or for timely entry of a guilty plea; and (2) their positions with respect to the PSR's grouping of Defendant's Counts.

**DISCUSSION**

**1. Eligibility for Reduction for Acceptance of Responsibility/Timely Guilty Plea**

The Guidelines calculation in the Pre-Sentence Reports (PSR) states that the defendant does not qualify for a downward adjustment for either acceptance of responsibility or for timely entry of a guilty plea. In the plea agreement in case 19-cr-380, the government noted that the defendant was entitled to the 3-point reduction of the Offense Level on the condition that the defendant does not "engage[] in additional criminal conduct after signing this Agreement." Document 40 at 3, *see* also PSR at Par. 49. By committing additional criminal conduct (in 21-cr-712) while pending sentencing in 19-cr-380, the defendant forfeited his opportunity to earn the 3-point reduction in case 19-cr-380.

In the plea agreement in case 21-cr-712, the parties agreed that the defendant was eligible

for a 2-point reduction for acceptance of responsibility in that case only. *See* Document 24 at pages 2-3 in case 21-cr-712. At this time, the government has no information that the defendant has committed any act(s) that would forfeit the 2-point reduction in case 21-cr-712 pursuant to U.S.S.G. § 3E1.1. Based on that 2-point reduction, the Guidelines change as noted below.

### 2. Grouping of Defendant's Counts

The government agrees with the PSR writer that Count Two of 19-cr-380, and Count One of 21-cr-712 are grouped together pursuant to U.S.S.G. § 3D1.2(d), because the offense level for each offense is determined largely on the basis of the quantity of substance involved, *see* PSR at Par. 38.

The government noted in its sentencing memorandas that the government believed that the Guidelines calculation provided by the PSR writer, Ms. Crystal Lustig, was correctly calculated as a Total Offense Level of 27 and a Criminal History Category of IV, PSR at 50, 69. However, upon further review, the government believes that the defendant is entitled to a 2-level reduction in his offense level as noted in the plea agreement in 21-cr-712, *see* Document 24 at 2-3. Therefore, the government believes that the defendant's Total Offense Level should be 25, and his Guidelines calculation should then be 84-105 months imprisonment. The government will continue to request that the Court sentence the defendant as recommended in our sentencing memorandas to a sentence of 57 months imprisonment followed by three years of supervised release in 19-cr-380, consecutive to our sentencing recommendation of 21 months imprisonment in case 21-cr-712, which is a below Guidelines recommendation.

The government is prepared to explain to the Court at the sentencing hearing that it makes its sentencing recommendation of a total of 78 months imprisonment in both cases, which is a

variance, because of discussions the parties had during plea negotiations.[1] Specifically, the parties discussed plea terms during plea negotiations, and it is not clear whether the defendant believed he was pleading guilty with the understanding that he going to be sentenced within the Guidelines as calculated in the plea agreements.  To avoid complications and possible issues, the government made the above-mentioned sentencing recommendation.

                                        Respectfully submitted,

                                        Matthew M. Graves
                                        United States Attorney
                                        D.C. Bar No. 415793

By:    */s/ Anthony Scarpelli*
        Anthony Scarpelli
        D.C. Bar No. 474711
        202-252-7707
        anthony.scarpelli@usdoj.gov
        Assistant United States Attorneys
        United States Attorney's Office
        601 D Street, N.W.

Date: July 13, 2022                      Washington, D.C. 20530

---

[1] For example, the parties had a difference of opinion about the defendant's criminal history, and also about the exact quantity of narcotics.  We believe that the PSR accurately reflects the correct criminal history score and the correct relevant conduct for the drug quantities, nonetheless our sentencing recommendation reflects that some inaccurate information was relied upon during initial plea negotiations.